IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STURGIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-110 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On December 9, 2013, the Court granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned social security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 18, 19.) Plaintiff did not request attorneys' fees under the Equal Access to Justice Act, but because the Administrative Law Judge awarded Plaintiff past due benefits on remand, Plaintiff now moves for attorneys' fees in the amount of $12,035.25. Plaintiff states this amount represents twenty-five percent of the past due benefits awarded to him. (Doc. no. 20, p. 9.)

Upon consideration, the Court requires additional information from Plaintiff's counsel before ruling on this motion. First, Plaintiff states he was awarded $36,105.75 in back benefits, (doc. no. 20-1), but twenty-five percent of that award is $9,026.44, not the requested amount of $12,035.25. Second, counsel alternately states in the motion that he

spent thirty-eight hours or just over fourteen hours representing Plaintiff before the Court. (Compare doc. no. 20-1, p. 5 with p. 7 & Ex. 4.) Counsel relies on the thirty-eight hour number as justification for the reasonableness of his requested fee. (Id. at 5.) The Court's analysis of reasonableness will necessarily differ for a requested award of over $12,000.00 for fourteen hours of work versus thirty-eight hours of work. See Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."). Thus, in addition to verifying the amount of award sought and the amount of hours worked in a supplemental filing, counsel shall also provide the Court with his normal hourly billing charge for a noncontingent-fee case. See id. (explaining a court may require submission of a record of hours spent on representation and normal billing rate for noncontingent-fee cases).

Plaintiff shall file this supplemental information by the close of business on Wednesday, May 6, 2015.

SO ORDERED this 21st day of April, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA